Filed 9/26/14  O'Toole v. Law Offices of Castaneda CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| MARTY O'TOOLE,<br><br>　　　Plaintiffs and Appellants,<br><br>　　　v.<br><br>LAW OFFICES OF CARINA CASTANEDA AND CARINA CASTANEDA,<br><br>　　　Defendant and Respondent. | B246977<br><br>(Los Angeles County<br>Super. Ct. No. BC407172)<br><br>**ORDER MODIFYING OPINION AND DENYING PETITION FOR REHEARING**<br><br>**CHANGE IN JUDGMENT** |

THE COURT:*

The opinion filed August 27, 2014 is modified in the following manner:

(1) The last sentence of the opinion is deleted.  That sentence provides: "Respondents are entitled to costs on appeal."

(2) The following sentence is inserted in its place:  "The parties shall bear their own costs on appeal."

Appellant's petition for rehearing is denied.

There is a change in judgment.

---

| | | |
|---|---|---|
| * RUBIN, Acting P.J. | FLIER, J. | GRIMES, J. |

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| MARTY O'TOOLE,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>LAW OFFICE OF CARINA CASTAÑEDA et al.,<br><br>    Defendants and Respondents. | B246977<br><br>(Los Angeles County<br>Super. Ct. No. BC407172) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael M. Johnson, Judge.  Affirmed.

Marty O'Toole, in pro. per., for Plaintiff and Appellant.

Baker, Keener & Nahra and Mitchell F. Mulbarger, for Defendants and Respondents.

\* \* \* \* \* \*

Proving actual innocence is required to assert legal malpractice in a suit brought by a former criminal defendant. (*Wiley v. County of San Diego* (1998) 19 Cal.4th 532, 543.) *Wiley* is based on policy reasons. "'"[P]ermitting a convicted criminal to pursue a legal malpractice claim without requiring proof of innocence would allow the criminal to profit by his own fraud, or to take advantage of his own wrong, or to found [a] claim upon his iniquity, or to acquire property by his own crime. As such, it is against public policy for the suit to continue in that it 'would indeed shock the public conscience, engender disrespect for courts and generally discredit the administration of justice.'" [Citations.]' [Citations.] '"[C]ourts will not assist the participant in an illegal act who seeks to profit from the act's commission."' [Citation.]" (*Id.* at p. 537.)

*Wiley* further explained: "'"allowing civil recovery for convicts impermissibly shifts responsibility for the crime away from the convict. This opportunity to shift much, if not all, of the punishment assessed against convicts for their criminal acts to their former attorneys, drastically diminishes the consequences of the convicts' criminal conduct and seriously undermines our system of criminal justice. [Citation.]' [Citations.] '[I]f plaintiffs engaged in the criminal conduct they are accused of, then they alone should bear full responsibility for the consequences of their acts, including imprisonment. Any subsequent negligent conduct by a plaintiff's attorney is superseded by the greater culpability of the plaintiff's criminal conduct. [Citation.]' . . . Accordingly, '[t]hese cases treat a defendant attorney's negligence as not the cause of the former client's injury as a matter of law, unless the plaintiff former client proves that he did not commit the crime.' [Citations.]" (*Wiley, supra*, at pp. 537-538.)

Our high court reaffirmed the actual innocence requirement in *Coscia v. McKenna & Cuneo* (2001) 25 Cal.4th 1194 (*Coscia*). *Coscia* further held that a former criminal defendant suing for malpractice must obtain reversal of the conviction or other postconviction exoneration in order to pursue a claim for legal malpractice. (*Id.* at p. 1201.)

2

In this civil lawsuit, appellant Marty O'Toole (also known as Martin O'Toole) sued the attorney who represented him in criminal proceedings and her law firm, for malpractice. Under *Coscia*, the trial court properly granted respondents' demurrer because appellant did not obtain reversal of his conviction or other postconviction relief and failed to show that his complaint could be amended to state a cause of action. We affirm.

## FACTS AND PROCEDURE

After jurors failed to reach a verdict in his first criminal trial and following a second trial, O'Toole was convicted in February 2008 of being under the influence of methamphetamine. O'Toole's motion for a new trial was denied September 5, 2008. He was ordered to serve 120 days in custody.

The Superior Court Appellate Division affirmed O'Toole's conviction on September 13, 2011. The court rejected O'Toole's argument that he was denied the effective assistance of counsel. On January 5, 2012, O'Toole filed a habeas petition, arguing inter alia that he was actually innocent and that he was denied effective assistance of counsel. The superior court rejected these arguments.

In 2009, O'Toole sued Carina Castañeda and her law firm (collectively Castañeda) alleging Castañeda committed malpractice while representing O'Toole in the criminal matter. O'Toole alleged that he retained Castañeda in September 2007 to represent him in a criminal matter. O'Toole alleged Castañeda was unprepared when she entered into settlement discussions, failed to prepare for trial, failed to call witnesses at trial, failed to file written motions, subpoena records, conduct legal research or review the record of the first trial. Castañeda failed to make adequate objections, present adequate jury instruction, move for dismissal or familiarize herself with the scene. As a result of Castañeda's negligence, jurors did not learn of key aspects of the case and O'Toole's innocence was not demonstrated. After trial, Castañeda withheld O'Toole's file and other important information.

3

O'Toole also alleged causes of action for breach of contract, intentional infliction of emotional distress, and negligent infliction of emotional distress. The breach of contract cause of action was based on depriving O'Toole of his file and Castañeda's inadequate efforts in her representation of him. The intentional and negligent infliction of emotional distress causes of action were based on allegations that Castañeda's inadequate representation caused O'Toole to be convicted of a crime for which he was innocent and caused him severe emotional distress. The trial court sustained Castañeda's demurrer and entered judgment dismissing the lawsuit. O'Toole timely appealed.

**DISCUSSION**

"'"""On appeal from an order of dismissal after an order sustaining a demurrer, our standard of review is de novo, i.e., we exercise our independent judgment about whether the complaint states a cause of action as a matter of law."'"" [Citation.] In reviewing the complaint, we must assume the truth of all facts properly pleaded by the plaintiff and matters properly judicially noticed. [Citation.] However, we "do not assume the truth of contentions, deductions, or conclusions of fact or law and may disregard allegations that are contrary to the law or to a fact which may be judicially noticed." [Citation.]'" (*Khodayari v. Mashburn* (2011) 200 Cal.App.4th 1184, 1189 (*Khodayari*).)

O'Toole's lawsuit is foreclosed by our high court's decision in *Coscia, supra*, 25 Cal.4th 1194. *Coscia* held that "an individual convicted of a criminal offense must obtain reversal of his or her conviction, or other exoneration by postconviction relief, in order to establish actual innocence in a criminal malpractice action. . . . Unless a person convicted of a criminal offense is successful in obtaining postconviction relief, policies reviewed in *Wiley* preclude recovery in a legal malpractice action." (*Id.* at p. 1201.) The same rule applies regardless of whether the convicted person pled guilty or was deemed guilty by a judge or jury. (*Id.* at p. 1202.)

Because O'Toole failed to obtain a reversal of his conviction or exoneration by postconviction relief, O'Toole cannot prove a necessary element of his cause of action for

4

legal malpractice.  We are required to follow *Coscia*, even though O'Toole believes it was wrongly decided and even though he consistently maintained his innocence.  (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)  O'Toole's argument that he should have been afforded discovery prior to the dismissal of his lawsuit is not persuasive because his failure to obtain postconviction relief forecloses this lawsuit.

While we have focused on the malpractice cause of action, the trial court properly dismissed the entire lawsuit.  The breach of contract, intentional infliction of emotional distress, and negligence causes of action arise out of Castañeda's alleged negligence in representing O'Toole.  Therefore, the primary right sued upon is the right to competent representation.  (*Khodayari, supra*, 200 Cal.App.4th at p. 1190.)  "[T]hus, for application of the actual innocence requirement, all are properly characterized as claims for legal malpractice."  (*Ibid*.)

O'Toole did not seek leave to amend in his opening brief or reply brief.  At oral argument, he requested the matter be remanded to the trial court and argued that his attorney's failure to return his file is similar to the misconduct in *Bird Marella, Boxer & Wolpert v. Superior Court* (2003) 106 Cal.App.4th 419.  In *Bird*, the plaintiff alleged breach of contract based on a fee dispute, an issue separate from legal malpractice.  The appellate court held that actual innocence was not a prerequisite to a claim for fraudulent billing practices.  (*Id*. at p. 421.)

Here, the complaint hints at a violation of rule 3-700 of the California Rules of Professional Conduct, which requires an attorney who had been terminated to promptly release to the client all of the clients papers and property.  (Rules Prof. Conduct, rule 3-700(d)(1).)  Although the failure to return a file may be distinct from malpractice, O'Toole never argued that he could amend his complaint to assert a cause of action for breach of fiduciary duty based on a violation of the California Rules of Professional Conduct and did not seek leave to amend or identify any specific proposed amendment.  As the appellant challenging the trial court's sustaining of a demurrer, O'Toole had the burden to "spell out in his brief the specific proposed amendments on appeal."  (*People*

5

*ex rel. Brown v. Powerex Corp.* (2007) 153 Cal.App.4th 93, 112; see also *Galbiso v. Orosi Public Utility Dist.* (2010) 182 Cal.App.4th 652, 663 [burden of showing a complaint can be amended to state a cause of action falls on the plaintiff].) O'Toole failed to identify any proposed amendment and therefore failed to show that the complaint could be amended to state a cause of action.

## DISPOSITION

The judgment is affirmed. Respondents are entitled to costs on appeal.


FLIER, J.


WE CONCUR:


RUBIN, Acting P. J.


GRIMES, J.

6